# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 22, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

KATIE SMITH,

     Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

     Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 14-848V

Special Master Sanders

Attorneys' Fees and Costs

Diana L. Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

     On September 12, 2014, Katie Smith ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the Hepatitis B ("Hep B") vaccine she received on April 18, 2013 caused her to develop Transverse Myelitis ("TM"). An entitlement hearing was held in Washington, DC on December 8, 2017, and the undersigned issued her Decision denying compensation on July 5, 2018. *See Smith v. Sec'y of Health & Human Servs.*, No. 14-848V, 2018 WL 3991386 (Fed. Cl. Spec. Mstr. July 4, 2018).

     On October 22, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

82 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $134,923.99 (representing $119,761.90 in fees and $15,162.09 in costs). Fees App at 1. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. *Id.* at 2. Respondent reacted to the motion on October 23, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 83). Petitioner filed a Reply on October 26, 2018, reiterating her belief that the requested amount of attorneys' fees and costs is reasonable. Reply, ECF No. 84, at 4.

This matter is now ripe for consideration.

## I.    Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although Petitioner was ultimately denied compensation, the matter necessitated an entitlement hearing. Accordingly, the undersigned finds that reasonable basis exists for an award of fees and costs in this matter.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.   Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

The undersigned has reviewed the Fees Application and notes that the rates requested for all attorneys and paralegals are consistent with what counsel has been awarded in previous Vaccine Program cases by the undersigned and other Special Masters for Maglio Christopher & Toale, PA attorneys and paralegals, with one exception. Petitioner seeks compensation for attorney Joseph Vuckovich in the amount of $313.00 per hour for work performed in 2017 and $323.00 per hour for work performed in 2018. Fees App. Ex. 65 at 35. Consistent with the rationale set forth in *Shawgo v. Sec'y of Health & Human Servs.*, the undersigned shall award Mr. Vuckovich $290.00 per hour for work performed in 2017, and $300.00 per hour for work performed in 2018. *See Shawgo v. Sec'y of Health & Human Servs.*, No. 17-306V, 2018 WL 6520892, at *5 (Fed. Cl. Spec. Mstr. Oct. 10, 2018). This results in a reduction of fees in the amount of **$793.50**.[4]

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

There are several minor issues with the hours expended in this case such that a reduction is necessary. First, paralegals billed for several tasks which are administrative, such as preparing exhibits and medical records and coordinating travel arrangements. *See generally* Fees App. Ex. 65 (entries on 9/15/14, 10/10/14, 11/14/14, 9/16/15, 9/22/15, 7/26/16, 11/2/17, 11/15/17, 11/17/17).[5] Such tasks have consistently been ruled to be non-compensable. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Second, there are several excessive entries. Many entries for reviewing routine Court orders were reviewed by both Ms. Stadelnikas and a paralegal without explanation as to why a

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] ($313.00 - $290.00) * 32.4 hours = $745.20. ($323.00 - $300.00) * 2.1 hours = $48.30. $745.20 + $48.30 = $793.50.

[5] The cited entries are meant to be illustrative of an issue and are not intended to provide an exhaustive list of all such occurrences.

double review of these orders was necessary. Additionally, paralegals billed for review of minute entries or for CMECF generated notices confirming that Petitioner had just filed a document (entries on 9/15/14, 9/22/14,11/17/14, 2/23/17, 9/14/17, 11/15/17, 12/12/17). In the undersigned's experience, even billing 0.1 hours on such tasks is likely excessive given the brevity of these entries. *See Krieg v. Sec'y of Health & Human Servs.*, No. 16-1226V, 2018 WL 6427133, at \*2 (Fed. Cl. Spec. Mstr. Nov. 2, 2018). Finally, there appear to be a couple of entries which were erroneously billed. For example, on 10/23/14, a paralegal billed time to review an order of the Court when no order had been issued that day. An order had been issued on the previous day, however the paralegal had billed for review of an order on that day as well. Thus, it is unclear what order was being reviewed. Fees App. Ex. 65 at 8.

For all these reasons, in an effort to administer "rough justice", the undersigned shall reduce the amount of attorneys' fees awarded by **$1000.00**. Accordingly, Petitioner is entitled to a final award of attorneys' fees in the amount of **$117,968.40**.

### c.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $15,162.09 in attorneys' costs. Of this amount, the largest cost is for the expert work of Dr. Ahmet Hoke. Dr. Hoke's rate of $500.00 per hour has previously been found to be reasonable given his credentials and expertise, and the hours he billed for his work in this case are reasonable considering he prepared two expert reports and offered testimony at the entitlement hearing in Washington, DC. *See Hudson v. Sec'y of Health & Human Servs.*, No. 15-114V, 2016 WL 3571709, at \*6 (Fed. Cl. Spec. Mstr. June 3, 2016).

The remaining balance of costs is comprised of obtaining medical records, mailing costs, travel costs (both for Ms. Stadelnikas to attend the entitlement hearing in Washington, DC, and for a paralegal to be present with Petitioner to assist her with the video conferencing portion of the hearing), and the Court's filing fee. These costs are typical of Vaccine Program litigation, and Petitioner has provided adequate documentation of the requested costs. Accordingly, the undersigned awards Petitioner attorneys' costs in the amount of **$15,162.09**.

## II.  Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $119,761.90 |
| (Reduction to Rates) | - $793.50 |
| (Reduction to Total Hours) | - $1,000.00 |
| **Total Attorneys' Fees Awarded** | **$117,968.40** |
| | |
| Attorneys' Costs Requested | $15,162.09 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$15,162.09** |

| | |
|---|---|
| **Total Amount Awarded** | **$133,130.49** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **a total of $133,130.49 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Diana Stadelnikas, of Maglio Christopher and Toale, PA, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).